NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2008-5113

## KEITH RUSSELL JUDD,

Plaintiff-Appellant,

v.

## UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-299, Senior Judge Loren A. Smith

ON MOTION

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

## O R D E R

Keith Russell Judd responds to the court's order directing him to show cause why the judgment of the United States Court of Federal Claims should not be summarily affirmed and submits various motions and submissions requesting, inter alia, to reinstate his appeal, for the court to order production of contact lenses, for accommodation of disabilities, for oral argument, for leave to proceed in forma pauperis, to recall the mandate, for appointment of counsel, for an extension of time, and for a deposition.

Judd filed suit in the trial court seeking $34,262,158,366.21 in damages for an alleged breach of a pretrial diversion agreement made with the United States Attorney's Office (AUSA). The trial court determined that an alleged breach of contract arising from

actions undertaken within the criminal justice system gives rise to an action under the Tucker Act for damages only if the plaintiff shows that the person who made the contract on behalf of the government had the authority to bind the government to pay monetary damages and the contract's language provides for the payment of monetary damages in the case of a breach by the government. See Sanders v. United States, 252 F.3d 1329, 1334-35 (Fed. Cir. 2001). The trial court determined that Judd had failed to offer any evidence to show that the AUSA had the authority to bind the government to pay damages. The trial court further determined that the pretrial diversion agreement said nothing about damages in the case of a breach. Thus, the trial court dismissed Judd's complaint and entered judgment on August 6, 2008, and Judd appealed.

Judd's appeal was dismissed on August 29, 2008 for failure to pay the filing fee. Judd paid the fee and moved to reinstate the appeal. Upon review of the decision of the trial court, the court directed Judd to show cause why the judgment should not be summarily affirmed.

Summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In this case, the trial court correctly applied Sanders and dismissed Judd's complaint. Thus, the court reinstates the appeal solely for the purpose of summarily affirming the judgment of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1)     The appeal is reinstated and the August 6, 2008 judgment of the Court of

Federal Claims is summarily affirmed.

(2)     All pending motions are moot.

(3)     Each side shall bear its own costs.

FOR THE COURT

FEB   6 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2009

JAN HORBALY
CLERK

cc:     Keith Russell Judd
        Sean B. McNamara, Esq.

s17